1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSHUA NEIL HARRELL,                     No.  2:15-cv-0634 CKD P

12                  Plaintiff,

13         v.                                  ORDER

14   TARGET, et al.,

15                  Defendants.

16

17         Plaintiff is a Solano County Jail prisoner proceeding pro se.  Plaintiff seeks relief pursuant

18   to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. §

19   1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20   636(b)(1).

21         With respect to the request for leave to proceed in forma pauperis, plaintiff has submitted

22   a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request

23   to proceed in forma pauperis will be granted.  Plaintiff is required to pay the statutory filing fee of

24   $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will

25   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

27   payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

28   account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

1

1    each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

2    U.S.C. § 1915(b)(2).

3         The court is required to screen complaints brought by prisoners seeking relief against a

4    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14   Cir. 1989); Franklin, 745 F.2d at 1227.

15        In order to avoid dismissal for failure to state a claim a complaint must contain more than

16   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

17   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

18   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678 (2009).  Furthermore, a claim upon

20   which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has

21   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

22   reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at

23   678.  When considering whether a complaint states a claim upon which relief can be granted, the

24   court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and

25   construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

26   U.S. 232, 236 (1974).

27        The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails

28   to state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure

2

1   adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the

2   claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.

3   1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants

4   engaged in that support plaintiff's claim.  Id.  Plaintiff's complaint must be dismissed.  The court

5   will, however, grant leave to file an amended complaint.

6          The subject of plaintiff's complaint is that he was arrested and detained for stealing items

7   at a Target store.  While plaintiff alleges charges brought against him were eventually dropped, he

8   fails to point to anything suggesting anyone involved in his arrest or detention violated his federal

9   rights.  If plaintiff chooses to amend his complaint, plaintiff must demonstrate how his

10  constitutional rights were violated.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the

11  complaint must allege in specific terms how each named defendant is involved.  There can be no

12  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

13  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

14  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

15  1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

16  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

17         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

18  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

19  complaint be complete in itself without reference to any prior pleading.  This is because, as a

20  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

21  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

22  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

23  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

24         In accordance with the above, IT IS HEREBY ORDERED that:

25         1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is granted.

26         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

27  shall be collected and paid in accordance with this court's order to the Solano County Sheriff

28  filed concurrently herewith.

3

1    3.  Plaintiff's complaint is dismissed.

2    4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

3  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

4  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

5  assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

6  two copies of the amended complaint; failure to file an amended complaint in accordance with

7  this order will result in a recommendation that this action be dismissed.

8  Dated:  March 27, 2015

9
_____
CAROLYN K. DELANEY
10                                                          UNITED STATES MAGISTRATE JUDGE

11

12

13   1
harr0634.14
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4