UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NEIL HARRELL,<br><br>             Plaintiff,<br><br>    v.<br><br>TARGET, et al.,<br><br>             Defendants. | No.  2:15-cv-0634 CKD P<br><br><br>ORDER |

        Plaintiff is a California prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to have all matters in this action before a United States Magistrate Judge.  See 28 U.S.C. § 636(c).  On April 13, 2015, plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6         In order to avoid dismissal for failure to state a claim a complaint must contain more than

7   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

8   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

9   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

10  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678 (2009).  Furthermore, a claim upon

11  which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has

12  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

13  reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at

14  1949.  When considering whether a complaint states a claim upon which relief can be granted, the

15  court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and

16  construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

17  U.S. 232, 236 (1974).

18        The allegations in plaintiff's amended complaint concern charges which were filed against

19  him for stealing items from a Target.  Plaintiff sues Target employees, Fairfield police officers

20  and employees of the Solano County District Attorney.

21        Plaintiff has no § 1983 claim against Target employees as they do not act under "color of

22  state law."  42 U.S.C. § 1983.   Plaintiff fails to allege facts stating any other federal claim against

23  Target employees.

24        As for the Fairfield police officers that arrested plaintiff, plaintiff attaches evidence to his

25  complaint indicating plaintiff was attempting to leave a Target with items for which he had not

26  paid.  While plaintiff attempts to provide an explanation for this, the evidence attached by

27  plaintiff demonstrates that his being arrested by Fairfield police was not unreasonable and not

28  therefore a violation of the Fourth Amendment.

As for the Solano County District Attorney employees, plaintiff fails to point to any facts suggesting he was prosecuted with malice, a necessary element of a § 1983 claim for malicious prosecution.  See Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004).

For these reasons, plaintiff's amended complaint fails to state a claim upon which relief can be granted.  Plaintiff's amended complaint must be dismissed.  The court will, however, grant plaintiff one final opportunity to cure the deficiencies in his pleadings.

In addition to the above, plaintiff is reminded that if he chooses to amend his complaint a second time, he must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Again, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to

/////

/////

1 | file a second amended complaint in accordance with this order will result in a recommendation
2 | that this action be dismissed.
3 | Dated:  September 8, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
harr0634.14(2)