UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NEIL HARRELL,<br><br>        Plaintiff,<br><br>    v.<br><br>TARGET, et al.,<br><br>        Defendants. | No. 2:15-cv-0634 CKD P<br><br><br><u>ORDER</u> |

      Plaintiff is a California prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to have all matters in this action before a United States Magistrate Judge. <u>See</u> 28 U.S.C. § 636(c). On March 4, 2016, plaintiff's second amended complaint was dismissed with leave to file a third amended complaint. Plaintiff has now filed a third amended complaint.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

1   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6         In order to avoid dismissal for failure to state a claim a complaint must contain more than

7   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

8   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

9   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

10  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678 (2009).  Furthermore, a claim upon

11  which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has

12  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

13  reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at

14  1949.  When considering whether a complaint states a claim upon which relief can be granted, the

15  court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and

16  construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

17  U.S. 232, 236 (1974).

18        Plaintiff alleges that on September 2, 2014, he was arrested by defendant Valdez at a

19  Target in Fairfield without probable cause.  After plaintiff was arrested, he was booked for

20  robbery and second degree commercial burglary.  Judge Robert S. Bowers ordered that plaintiff

21  remain in custody and face those charges.

22        Plaintiff also alleges defendant Jontulovich was the Solano County Deputy District

23  Attorney assigned to his case.  He asserts he was "maliciously prosecuted" by Ms. Jontulovich

24  because she knew plaintiff to be innocent of the crimes charged.  Plaintiff was held in the Solano

25  County Jail for 177 days on the charges identified above when the charges were "vacated without

26  trial."

27        Plaintiff's third amended complaint fails to state a claim upon which relief can be granted

28  because plaintiff fails to assert any specific facts suggesting either defendant Valdez or defendant

Jontulovich violated his federal rights.  Plaintiff fails to allege any facts suggesting defendant Valdez's arrest of plaintiff was unreasonable in violation of Fourth Amendment.  Plaintiff fails to point to any facts suggesting he was prosecuted with any sort of malice by defendant Jontulovich, a necessary element of a § 1983 claim for malicious prosecution.  See Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004).  While plaintiff indicates he never had to stand trial for robbery or second degree commercial burglary, he fails to indicate why not or point to anything suggesting this fact is evidence of any wrongdoing on the part of either defendant.

Finally, the court notes that plaintiff has also identified the City of Fairfield as a defendant.  Because plaintiff fails to point to facts suggesting his federal rights were violated pursuant to a custom or policy of the City of Fairfield, see Monell v. Dep't of Soc. Services of City of N.Y., 436 U.S. 658, 690 (1978), he has no claim against Fairfield.

For these reasons plaintiff's third amended complaint will be dismissed.  The court will not grant plaintiff leave to file a fourth amended complaint as that appears futile.  On two separate occasions (ECF Nos. 5 & 13), the court has explained to plaintiff the deficiencies with respect to his claims, yet plaintiff has been unable to allege facts amounting to an actionable claim.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's third amended complaint is dismissed for failure to state a claim upon which relief can be granted; and

2.  This case is closed.

Dated: April 12, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
harr0634.dis